De Hart, appellant, v. Hatch.

*Affidavits to be used on motions — when persons will not be required to make.*

An order will not be granted under section 401, subdivision 7 of the Code, requiring a person to appear before a referee and make an affidavit to be used in an *ex parte* motion; e. g., a motion for an order to hold to bail.

Appeal from an order vacating an order appointing a referee to take the affidavit of T. T. Johnson, and requiring said Johnson to

appear before said referee and make an affidavit pursuant to section 401, subdivision 7 of the Code, to be used by the plaintiff in procuring the arrest of the defendant in an action of slander.

*O. P. Buell*, for appellant.

*Henry S. Bennett*, for respondent.

DANIELS, J. The application, which was denied by the order appealed from, was for an order requiring the respondent to appear and make an affidavit to be used by the plaintiff in procuring an order to hold the defendant to bail in an action of slander. When an order of arrest is obtained, it must be procured from a judge of the court in which the action is brought, or from a county judge. And the application to be made for it is entirely *ex parte* in its character. No hearing of the parties is required or provided for, upon such an application. But the judge is required to make the order, when the case is shown to be one of those mentioned in section 179, and it appears by the affidavit produced, that a sufficient cause of action exists and a proper undertaking is presented. Code, §§ 180, 181, 182. The application for such an order is, however, a motion as that term is generally defined by chapter 8 of the Code of Procedure. But while it is called a motion, it is still one of a very informal character. This chapter contains provisions relating to motions made for *ex parte* orders, including orders of arrest. It also contains provisions relating to motions on notice, more properly known as such, as the term was used before the Code, and to a very great extent has been used since that time. Motions of this description are often important in the interests they affect, and the points on which they are decided. And it is to furnish evidence for their proper disposition that the provision was enacted, by which persons may be compelled to supply their affidavits to the party making or opposing them, after they have refused to make them voluntarily. This provision has no application to a motion made before a judge for a mere *ex parte* order. It is confined in terms to motions made in a court of record, as distinguished from applications to a judge. The order requiring the affidavit to be made can only be obtained when the party applying for it intends to make or oppose a motion in a " court of record." These are the terms used to define the cases in which the order is allowed to be made    Code, § 401, sub. 7.

And they do not include an application made for an *ex parte* order to a judge, for that is not a motion made in a court of record. The affidavit presented for the order to examine the witness in the present instance did not show a case within the import of these terms. For that reason, the order appealed from was properly made, and it should be affirmed, with costs.

DAVIS, P. J., and BRADY, J., concurred.

*Order affirmed.*